This is an action in slander of title in which plaintiff alleged the actual, physical and undisturbed possession as owner of a certain described tract of land in Jackson Parish, Louisiana, set forth specific acts of slander of said property by defendant, and prayed for judgment decreeing said slander and further judgment ordering the defendant to disclaim title to the property or to assert such rights as he might have, all with reservation of plaintiff's rights to sue for damages.
Defendant answered, asserting ownership of an undivided one-half interest in the property described, based upon the alleged community ownership by defendant and his divorced spouse, and praying for judgment accordingly.
After trial there was judgment in favor of plaintiff recognizing him as owner of the property, maintaining and confirming his title therein, rejecting the claims of title on behalf of the defendant, and reserving plaintiff's rights to sue for damages arising from the slander. From this judgment defendant has appealed.
Pleas of estoppel and prescription were interposed by plaintiff, but we find no record of any action by the lower Court with respect to these pleas.
By properly executed and recorded deed of conveyance of date January 25, 1929, Mrs. Iva Lee Stinson, then married to the defendant, J.T. Stinson, purchased, from J.H. Hadwin, a tract of land described as being —
"The NW 1/4 of NE 1/4, Section 11, Tp. 14 N R. 4 West, containing 40 acres, more or less, in Jackson Parish, Louisiana."
The above described instrument contained the following stipulation:
"It is expressly agreed and understood between the parties to this deed, that the money, as a purchase price for the above described property, is the separate and paraphernal funds of Mrs. Iva Lee Stinson and that this property herein purchased is to be and remain her separate and paraphernal property."
By deed of date January 7, 1943, Mrs. Iva Lee Stinson, then divorced from defendant, J.T. Stinson, conveyed the identical property to Otis H. Hutchinson, plaintiff herein, subject to a reservation of one-half of the mineral rights.
At the time of the purchase by plaintiff his vendor, Mrs. Stinson, and the defendant had been legally divorced for more than ten years. Some time following the sale by Mrs. Stinson to plaintiff this defendant *Page 656 
brought suit alleging the community nature of the property and seeking the cancellation of the deed to Hutchinson. The action was coupled with a claim for damages for the value of timber cut by one Corley, who was also made party to the suit. On an exception of no cause or right of action the suit was dismissed as to Hutchinson, whereupon he instituted this action.
Having asserted the community nature of the property involved herein, as the basis of his claim of title, the burden was clearly upon defendant to successfully attack the recital embodied in the deed by which the property was acquired in the name of his then spouse as a part of her separate and paraphernal estate, paid for out of her separate funds. The defendant has completely and utterly failed to discharge this burden.
The evidence clearly preponderates in favor of the validity of the recital in the deed which has been expressly set forth above. The testimony of Mrs. Stinson is convincing, not only as to her possession of the money paid in consideration of the purchase of the property, but as to the separate and paraphernal nature thereof. The witness established the sources of her earnings prior to marriage and her possession of cash monies in excess of the consideration actually paid for the property. Further than this she satisfactorily testified as to the circumstances surrounding the transaction in question, which testimony was, at least in part, corroborated by her sister and daughter.
As against this testimony the defendant, Stinson, attempted to prove that the funds used by his wife for the purchase of the property represented a portion of a sum paid by him in settlement of a claim for alimony which had been asserted by his wife in a previous separation proceeding. In our opinion defendant failed in this attempt, which was more than successfully controverted by the testimony of Mrs. Stinson, who established that she had returned this amount to the defendant after they had affected a reconciliation.
On the whole the record does not show that defendant ever supplied his wife during marriage with any funds aside from certain small amounts in connection with household expenses, and it is obvious that the only sources of funds which could possibly have been used by Mrs. Stinson in payment of the consideration of the property purchased were her separate and paraphernal earnings and savings.
We are impressed with exhibits in the record, acknowledgedly in the handwriting of this defendant, comprising four letters, three of which were directed to Mrs. Stinson and one to her sister, Mrs. Brown, all written in the fall of 1946, at or about the time of the institution of this action. These letters, obviously designed to influence Mrs. Stinson to testify on behalf of this defendant, are in themselves strongly persuasive against the good faith of the claims asserted by the writer.
In view of what we regard as the established facts on the merits of this matter, we deem it unnecessary to pass upon the pleas of estoppel and prescription with the exception of the comment, in passing, that the judicial recital of this defendant in the divorce proceedings between himself and his wife to the effect that there was no property acquired under the community of acquets and gains resulting from the marriage, which fact was made the basis of the plea of estoppel, and the consideration of the further fact that this defendant was not heard to assert any interest in the property during the period of more than ten years following the divorce are circumstances which argue most eloquently against the claims as to the community nature of the property.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.